IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES KENZELL CARTER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00484 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| WARDEN RICK WHITE, et al., | ) | Chief United States District Judge |
| Defendants. | ) | |

## ORDER

Plaintiff Charles Kenzell Carter, proceeding pro se, is a Wyoming inmate housed within the Virginia Department of Corrections ("VDOC") pursuant to an Interstate Corrections Compact contract between Virginia and Wyoming. On September 16, 2021, Carter filed this action against multiple VDOC employees, including M.J. Williams, in which he alleges that Williams deprived him of due process in connection with prison disciplinary proceedings. The case is presently before the court on Carter's third motion for a preliminary injunction. ECF No. 34. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997)

(quoting <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." <u>Omega World Travel</u>, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." <u>Pac. Radiation Oncology</u>, 810 F.3d at 636 (citing <u>Devose</u>, 42 F.3d at 471).

Carter's motion does not satisfy the requirements for issuance of a preliminary injunction. Among other deficiencies, the motion does not seek to prevent harm caused by the wrong claimed in the underlying action. Instead, the motion is based on new assertions of retaliatory treatment by Williams. In particular, Carter alleges that Williams used excessive force against him on April 22, 2022, and subsequently confiscated or destroyed his personal property. <u>See</u> Pl.'s Mot. Prelim. Inj., ECF No. 34, at 1. Because the new allegations of misconduct are entirely different from the claims asserted in the complaint, the allegations cannot provide the basis for preliminary injunctive relief in this action. <u>See</u> <u>Devose</u>, 42 F.3d at 471 (affirming the denial of a motion for preliminary injunction that "raised issues entirely different from those presented in [the plaintiff's] complaint").

For these reasons, it is hereby **ORDERED** that Carter's third motion for a preliminary injunction, ECF No. 34, is **DENIED**. The Clerk is directed to send a copy of this order to Carter.

It is so **ORDERED**.

Entered: June 3, 2022

Digitally signed by
Michael F. Urbanski
Chief U.S. District Judge
Date: 2022.06.03 12:03:27
-04'00'

Michael F. Urbanski
Chief United States District Judge